**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSE BENJAMIN VANEGAS VANEGAS,

Petitioner,

v. No. 1:26-cv-03144-DHU-JHR

MARKWAYNE MULLIN, Secretary of Homeland Security; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, Director, El Paso Field Office; TODD BLANCHE, Acting Attorney General, U.S. Department of Justice; and JEFFRY FIKES, Warden, Cibola County Correctional Center,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus ("Petition"), where he argues that his continued detention without a bond hearing violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. Doc. 1 ¶¶ 51-63. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody, or, alternatively, ordering Respondents to provide Petitioner with a bond hearing within seven (7) days. *Id.* at 19. He also requests that Respondents return all of his belongings in Respondents' possession, including his identifying and immigration documents. *Id.*

Respondents have filed a response to the Petition stating that they "are not submitting a brief in opposition" and that they "recognize that this Court may then decide to grant the Petition and award appropriate relief." Doc. 6 at 1. Respondents further submit that, "if the Court does grant the Petition, the appropriate relief would be an "order directing a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within a reasonable time." *Id.*

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" *Alfaro Herrera v. Baltazar*, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting *Series 17-03-615 v. Teva Pharms. USA, Inc.*, 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); *see also C1.G on behalf of C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of the INA and the Due Process Clause.

Federal district courts are vested with "the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (internal quotation marks and citation omitted). Federal district courts, therefore, possess the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243. This includes the "power to grant *any form of relief necessary* to satisfy" the justice requirement. *Burton*, 975 F.2d at 693.

Federal regulations, as confirmed by the Supreme Court of the United States, require that noncitizens subject to Section 1226(a) "receive bond hearings at *the outset of detention*." *Jennings v. Rodriguez*, 583 U.S. 281, 306, 138 S.Ct. 830 (2018) (emphasis added). Petitioner here was detained on July 9, 2026. Doc. 1 at 1. This means that Petitioner, at this point in time, should have been provided with a bond hearing over three (3) months ago. Additionally, while the Tenth Circuit in *Santillan Quiroz* ordered that the petitioner in that case be provided with a bond hearing, it did not hold that a bond hearing was the only available remedy. *See* 180 F.4th at 1251 n. 13. This

Court, therefore, finds that the appropriate remedy in this case is Petitioner's immediate release. *Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." (citations omitted)).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED THAT** Respondents release Petitioner within **twenty-four (24) hours** of this Order under reasonable conditions of release, and submit a status report no later than **three (3) days** from this Order confirming said release.

**IT IS FURTHER ORDERED** that Respondents shall promptly return Petitioner's property in their custody to him, specifically no later than thirty (30) days.

The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE